From Mrs. Daryle R. Heckman, Somerset, Pa.

## Gingerich v. Ferree et al.

*Ivan Walker* (with him *N. B. Spangler*), for rule; *W. G. Runkle*, contra.

FLEMING, P. J., Dec. 3, 1928.—It is quite evident that plaintiff's statement is not in conformity with the Practice Act of 1915, as amended.

The case arises on an appeal from a justice of the peace, and the transcript filed shows that the action below was in *assumpsit*. The statement as filed, in an attempt to comply with section 1 of the act, as amended April 14, 1921, P. L. 144, occupies three and one-half pages in the averment of facts necessary to support an action of trespass, and one page to recite the alleged promise of the defendants to pay the bill of the mechanic who was selected to repair the car alleged to have been damaged. Having originally declared in *assumpsit*, the only material fact would be, did or did not the defendants agree to pay for the alleged damage? The defendants' liability in tort would not be a matter for our consideration.

Under section 5 of the act, it is required that the statement set forth in a concise and summary form the material facts on which the party pleading relies for his claim: Bullock et al. *v.* Metacomet Home Ass'n, 27 Dist. R. 76; Bean *v.* Philadelphia, 26 Dist. R. 110. Here the material fact is one of contract and not of tort. The averments of tort are immaterial and the statement is not concise and brief within the meaning of sections 5 and 9 of the act: Weiss *v.* Schafer, 26 Dist. R. 166; 46 Pa. C. C. Reps. 260. Very evidently the happenings in relation to the alleged automobile accident were preliminary to the alleged promise upon which plaintiff's action is founded, but it is improper to include them. See Rhodes, etc., et al. *v.* Terheyden et al., 29 Dist. R. 507, where it is held improper to include a statement of prior negotiations which led to the execution of the negotiable instrument in suit.

The motion of the defendant is, therefore, allowable under section 21 of the act, as amended May 23, 1923, P. L. 325. Considering the manner in which this action arose, we feel that the plaintiff should be given the opportunity of filing a new statement.

And now, Dec. 3, 1928, defendants' motion to strike off plaintiff's statement is allowed and plaintiff permitted to file a new statement within fifteen days from this date.

From S. D. Gettig, Bellefonte, Pa.